UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bradly Allen McHorse,                                   Civ. No. 21-2103 (PAM/JFD)

           Plaintiff,

v.                                                                      **MEMORANDUM AND ORDER**

Minnesota Department of
Human Services and
Minnesota Security Hospital,

           Defendants.

This matter is before the Court on Plaintiff Bradly Allen McHorse's Complaint (Docket No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 2). For the following reasons, the Court dismisses this action without prejudice and denies the Application as moot.

**BACKGROUND**

McHorse is presently civilly committed at the Minnesota Security Hospital ("MSH") in St. Peter, Minnesota. See In re Civ. Commitment of McHorse, No. A12-243, 2012 WL 2505931, at *1-2 (Minn. Ct. App. July 2, 2012) (discussing McHorse's commitment history). The Complaint is not entirely clear, but it appears that McHorse has been civilly committed to MSH since 2010, after a Minnesota state court determined that he was "mentally ill and dangerous" under Minnesota law. See id. at *1; see also Minn. Stat. § 253B.02, subd. 17 (defining mentally ill and dangerous).)

According to McHorse, documents and testimony from 2013 indicate that he is not "mentally ill and dangerous." (Compl. ¶ VII.) He asserts that given these documents, and the U.S. Supreme Court's decision in <u>Olmstead v. L.C. ex rel. Zimring</u>, 527 U.S. 581 (1999), he should have been "released from custody and offered care in the community." (<u>Id.</u> ¶ VII.4.)[1] He contends that the failure to offer him care in the community constitutes discrimination. (<u>Id.</u>) He further asserts that his present commitment is constitutionally infirm under <u>Reome v. Levine</u>, 692 F. Supp. 1046 (D. Minn. 1988). (<u>Id.</u> ¶ VII.6.)

For relief, McHorse asks for $10,000 in damages, and "an injunction ordering that the defendants adhere to the Olmstead Act, granting [McHorse's] release without a habeas corpus." (<u>Id.</u> ¶ VIII.)

**DISCUSSION**

**A.    28 U.S.C. § 1915(e)**

Rather than pay this action's filing fee, McHorse applied for leave to proceed in forma pauperis ("IFP"). (Docket No. 2.) The IFP application shows that McHorse qualifies financially for IFP status. But "notwithstanding any filing fee, or any portion thereof, that may have been paid," a court overseeing an IFP action "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] McHorse refers to the "Olmstead Act" and the "Olmstead Decision" interchangeably. (<u>See, e.g.</u>, Compl. ¶¶ VII.4, VIII.) There is no "Olmstead Act," however; <u>Olmstead</u> is a Supreme Court decision. The confusion likely stems from the fact that in <u>Olmstead</u>, the Supreme Court addressed a particular statute—specifically, part of the Americans with Disabilities Act of 1990. <u>See</u> <u>Olmstead</u>, 527 U.S. at 587; <u>see also</u> 42 U.S.C. § 12132 (relevant statutory provision).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor. Cook v. George's, Inc., 952 F.3d 935, 938 (8th Cir. 2020). The complaint's factual allegations need not be detailed but must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing a complaint's sufficiency, a court may disregard legal conclusions that are couched as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

**B.      Failure to State a Claim**

Fundamentally, this matter seeks (among other things) McHorse's release. The Court does not construe this as a habeas action: McHorse calls his initial pleading a complaint, he refers to himself as a plaintiff rather than as a petitioner, and—most importantly—the Complaint's relief section specifically disavows any claim for habeas relief. (See Compl. ¶ VIII (asking for McHorse's release "without a habeas corpus").) The Court therefore treats this action as a civil action under 42 U.S.C. § 1983—that is, a civil action based on a claim that McHorse is being subjected to treatment that violates federal laws or the federal Constitution.

This action cannot proceed in its present form, however, for two reasons. First, the Supreme Court has made clear that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is

3

entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). McHorse is a civil detainee rather than a prisoner, but the Preiser rule applies to detainees as well. See Carter v. Bickhaus, 142 F. App'x 937, 938 (8th Cir. 2005) (applying Preiser in case concerning civil detainee); see also Shi v. Knight, No. 12cv2411, 2012 WL 6652925, at *1 (D. Minn. Nov. 2, 2012) (R. & R. of Keyes, M.J.) ("[T]he rule set forth in Preiser . . . is fully applicable to state detainees who are confined by reason of a civil commitment order.").

Part of what McHorse seeks in this action is immediate release from his present civil confinement. Under Preiser, McHorse can only seek that relief in a habeas action. Because McHorse appears to specifically disavow habeas relied, the Court will respect that decision. To the extent that McHorse seeks immediate release, this action is dismissed without prejudice.[2]

This leaves McHorse's claim for damages. This too must be dismissed. In Heck v. Humphrey, the Supreme Court established that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

---

[2] The Court need not—and does not—offer any view as to McHorse's prospects if and when he files a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

4

512 U.S. 477, 486-87 (1994) (footnote and citation omitted).  As with Preiser, the Heck rule applies to civil detainees as well as prisoners.  See Carter, 142 F. App'x at 938 (affirming district court's application of Heck to portions of civil detainee's suit); McHorse v. Minnesota, No. 13cv837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (Davis, C.J., adopting R. & R. of Brisbois, M.J.) (applying Heck to civil detainee's suit).

The Complaint nowhere suggests that McHorse's commitment decision has been successfully challenged in any way and therefore any damages claims in the Complaint are not cognizable here.  The Court thus dismisses without prejudice McHorse's damages claim.

**C.    IFP Application**

Because the Court concludes that this action must be dismissed, the IFP application is moot and will be denied as such.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. This matter is **DISMISSED without prejudice**; and

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket No. 2) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Wednesday, October 20, 2021         *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge